IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JUAN JOSUE MEZA-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-2468 (LMB/IDD) |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

On August 7, 2026, attorney Maria Angelica Eijo de Tezanos Pinto filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 on behalf of petitioner Juan Josue Meza-Lopez ("petitioner") alleging that he is being unlawfully detained at the Farmville Detention Center. [Dkt. No. 1]. This Court subsequently entered an Order requiring that petititioner not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do differ in a material fashion from those presented in Ceba Cinta because Petitioner is detained pursuant to a final order of removal, and thus under 8 U.S.C. § 1231." [Dkt. No. 6] at 1. The federal respondents explained that although petitioner had applied for asylum, withholding of removal, and protection under the Convention Against Torture on March 25, 2021, he moved to withdraw those applications and requested an order of

removal on July 29, 2026, a little more than a week before he filed the instant Petition.[1] See [Dkt. No. 7] at ¶¶ 8, 13. On August 12, 2026, an Immigration Judge granted petitioner's request and ordered him removed. [Dkt. No. 7-1].

Because it appears that petitioner is now subject to a final order of removal and is no longer entitled to a detention hearing, see 8 U.S.C. 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."), it is hereby

ORDERED that counsel for petitioner SHOW CAUSE by 5:00 p.m. on Thursday, August 20, 2026, why the Petition should not be dismissed and the Order entered on August 11, 2026, enjoining the federal respondents from transferring petitioner out of this district should not be vacated.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 17th day of August, 2026.

Alexandria, Virginia

/s/ LMB
Lconic M. Brinkema
United States District Judge

[1] The federal respondents allege that petitioner's counsel moved to withdraw his I-589 Application for Asylum and for Withholding of Removal. Accordingly, it is unclear why counsel then filed the Petition given that a final order of removal would likely be imminent.